**WO**                                                                                                          SVK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arthur Jerry Manning, ) | No. CV 04-2714-PHX-SMM (DKD) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Sheriff Joe Arpaio, ) | |
| Defendant. ) | |

Plaintiff Arthur Jerry Manning, confined in the Arizona State Prison Complex-Florence,[1] filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. On October 27, 2005 the Court dismissed the action with leave to amend. (Doc. # 5). Plaintiff filed an Amended Complaint (Doc. # 9) on January 13, 2006. The Court will dismiss the Amended Complaint with prejudice.

**I. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). If the Court determines that a pleading could be cured by the

---

[1] At the time that he filed the original Complaint, Plaintiff was confined in the Maricopa County Jail.

1 allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint
2 before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000)
3 (*en banc*). The Court is required to grant leave to amend "if a complaint can possibly be
4 saved" but not if a complaint "lacks merit entirely." Id. at 1129. The Court therefore should
5 grant leave to amend if the pleading could be cured by the allegation of other facts or if it
6 appears at all possible that the defect can be corrected. Id. at 1130. On October 27, 2005 this
7 Court dismissed the original Complaint, which also named Defendant Arpaio, with leave to
8 amend. (Doc. # 5). Plaintiff's First Amended Complaint will be dismissed without leave to
9 amend because defects in the original Complaint were not corrected.

10 **III.   Complaint**

11     Plaintiff names Sheriff Joe Arpaio as Defendant.

12     Plaintiff alleges three grounds for relief all arising out of an injury to his ankle and
13 several medical appointments: (1) he was denied medical care and excessive force was used
14 because he refused to go to the medical appointment after he was told that both his hands and
15 his ankles would have to be cuffed; (2) a nurse sent him back to his pod when a wheelchair
16 was not provided to transport him to his medical appointment and this constituted excessive
17 force; and (3) his safety was threatened and medical care implicated because he was cuffed
18 to crutches and made to walk a distance to the medical appointment, and white inmates who
19 were not injured were not shackled.

20     For relief, Plaintiff requests an attorney to represent him and damages.

21 **IV.   Failure to State a Claim**

22     To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific
23 injury as a result of specific conduct of a defendant and show an affirmative link between the
24 injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).
25 To state a claim against a supervisory official, the civil rights complainant must allege that
26 the supervisory official personally participated in the constitutional deprivation or that the
27 supervisory official was aware of widespread abuses and, with deliberate indifference to the
28 inmate's constitutional rights, failed to take action to prevent further misconduct. See Ortez

1  v. Washington County, Or., 88 F.3d 804, 809 (9th Cir. 1996); Taylor v. List, 880 F.2d 1040,
2  1045 (9th Cir. 1989); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see also Monell v.
3  New York City Department of Social Services, 436 U.S. 658, 691 (1978). There is no
4  *respondeat superior* liability under § 1983, and, therefore, a defendant's  position as the
5  supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose
6  liability. Monell, 436 U.S. at 691-92; Taylor, 880 F.2d at 1045.

7  Plaintiff was advised of this requirement by this Court's Order of October 27, 2005
8  (Doc. # 5 at 6).  The original Complaint also named Joe Arpaio as a Defendant. Nevertheless,
9  Plaintiff names only Defendant Arpaio in the Amended Complaint and fails to affirmatively
10  link the alleged harms to Defendant Arpaio.  He fails to allege that Defendant Arpaio
11  personally participated in the constitutional deprivation or that he was aware of widespread
12  abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take
13  action to prevent further misconduct.  Plaintiff names no other Defendants.  The Amended
14  Complaint fails to state a claim against Defendant Arpaio.

15  In addition, Count I fails to state a claim regarding excessive force or medical care.
16  Although use of excessive force can raise a constitutional claim, see Hudson v. McMillian,
17  503 U.S. 1, 6-7(1992) (the relevant inquiry is "whether force was applied in a good-faith
18  effort to maintain or restore discipline, or maliciously and sadistically to cause harm"), Count
19  I does not allege the use of force by anyone. Plaintiff alleges that, on one day, he was told
20  that both his hands and his ankles would have to be cuffed in order to keep his medical
21  appointment; apparently, his hands and ankles were not cuffed because Plaintiff refused to
22  keep the appointment.

23  To state a § 1983 medical claim under the Eighth Amendment, Plaintiff must show
24  that Defendants acted with "deliberate indifference to his serious medical needs." Estelle v.
25  Gamble, 429 U.S. 97, 106 (1976).  Deliberate indifference may occur if "prison officials
26  deny, delay or intentionally interfere with medical treatment." Hutchinson v. United States,
27  838 F.2d 390, 394 (9th Cir. 1988). To state a claim of deliberate indifference, a plaintiff must
28  allege that a specific defendant, despite his knowledge of a substantial risk of serious harm

1 | to the plaintiff, failed to take reasonable measures to abate the harm. Farmer v. Brennan, 511
2 | U.S. 825, (1994). The alleged constitutional deprivation must be, "objectively, 'sufficiently
3 | serious'" *i.e.*, the official's act or omission must result in the denial of "the minimal civilized
4 | measure of life's necessities." Id. at 834. Further, the prison official must have a
5 | "sufficiently culpable state of mind," *i.e.*, he must act with deliberate indifference to inmate
6 | health or safety. Id.

In Count I, Plaintiff alleges that prison officials had arranged for Plaintiff to go to a medical appointment, but Plaintiff refused to go. Thus, Count I does not a state claim for denial of medical care.

In Count II, Plaintiff alleges excessive use of force but states no facts showing that anyone used any force on him; instead, Plaintiff alleges that someone would not provide a wheelchair. Count II does not state a claim for excessive use of force.

In Count III, Plaintiff alleges a threat to his safety and "medical care." Prison officials have a duty to protect inmates from violence by other inmates, see Farmer, 511 U.S. at 833, but Plaintiff alleges no facts to explain how his safety was threatened. Moreover, Plaintiff alleges that he was being taken to his medical appointment at the time of the events. Thus, Count III does not state claims for threats to safety or denial of medical care.

Plaintiff, who is black, also alleges in Count III that he was shackled at the ankle although white inmates who were not injured were not shackled. Equal protection requires that "all persons similarly situated shall be treated alike." Plyler v. Doe, 457 U.S. 202, 216 (1982); Gilbrook v. City of Westminister, 177 F. 3d 839, 871 (9th Cir. 1999) (in order to state an equal protection claim, Petitioner must allege "unequal treatment of people similarly situated"). Although Plaintiff alleges that he was treated differently than others similarly situated and that he is a member of a suspect class, he does not connect the claim to the only named Defendant -- Joe Arpaio.

Because Plaintiff was advised by this Court's Order of October 27, 2005 of the requirement to affirmatively link the named Defendant to the harm alleged, and because the

1 Plaintiff has again failed to allege any facts to affirmatively link the alleged harms to
2 Defendant Arpaio, the Court will dismiss the Amended Complaint without leave to amend.

3 **V.  Request for Attorney**

4     In the body of his pleading, Petitioner requests an attorney to represent him. The
5 Federal Rules of Civil Procedure provide in relevant part that "an application to the court for
6 an order shall be made by motion, which unless made during a hearing or trial, shall be made
7 in writing, shall state with particularity the grounds therefor, and shall set forth relief or order
8 sought." Rule 7(b)(1), Fed.R.Civ.P.

9     Plaintiff's request will be denied because the request was not properly made and
10 because it is moot.

11 **IT IS ORDERED:**

12     (1) The First Amended Complaint ( Doc. # 9) and this action are **dismissed** for failure
13 to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and the Clerk of Court must enter
14 judgment accordingly.

15     (2)  The Clerk of Court must make an entry on the docket stating that the dismissal
16 for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).

17     DATED this 21st day of July, 2006.

18
19
20                   Stephen M. McNamee
                  United States District Judge
21
22
23
24
25
26
27
28